IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


JOSEPH BEAN,                         §
TDCJ-CID NO. 1141587,                §
                                     §
            Plaintiff,               §
                                     §
v.                                   §        CIVIL ACTION NO. H-10-0285
                                     §
WARDEN CASTILLO,                     §
                                     §
            Defendant.               §


**MEMORANDUM OPINION AND ORDER**


        Pursuant to the plaintiff's motion, the court reopened this
prisoner civil rights action that had previously been dismissed for
want of prosecution because the plaintiff failed to comply with the
court's order to submit a more definite statement of the facts on
which his complaint is based.  In reopening this action, the court
again instructed the plaintiff to submit a more definite statement
and also instructed him to pay the filing fee or submit an
Application to Proceed In Forma Pauperis.  More than thirty days
later, the court entered an Order to Show Cause why the complaint
should not be dismissed because the plaintiff had not submitted any
pleading or made any communication with the court.

        The plaintiff has not responded to the court's Order to Show
Cause, entered August 9, 2010, which required the plaintiff to
submit within twenty (20) days a more definite statement along with
the filing fee or, in the alternative, an application to proceed as

a pauper.  The court's order specifically provided that "(f)ailure to comply may result in the dismissal of this action for want of prosecution."

The court's instructions have been clear and explicit, and the plaintiff's failure to pursue this action forces this court to conclude that he lacks due diligence.  Although the plaintiff is proceeding pro se, he nevertheless must comply with the rules and the orders of the court.  See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).  The plaintiff's failure to comply with the court's repeated orders warrants dismissal of this action.  See Callip v. Harris County Child Welfare Dept., 757 F.2d 1513, 1518-19 (5th Cir. 1985).

Therefore, the court **ORDERS** that this action be dismissed without prejudice due to plaintiff's failure to comply with the court's orders.  FED. R. CIV. P. 41(b); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997).

**SIGNED** at Houston, Texas on this 30th day of September, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE